**Nell Brown**
**Assistant Federal Public Defender**
**101 S.W. Main Street, Suite 1700**
**Portland, OR 97204**
**Tel.: (503) 326-2123**
**Fax: (503) 326-5524**
**E-mail: nell_brown@fd.org**

**Attorney for Petitioner**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **FRANK E. GABLE,** | No. 07-CV-00413-AC |
| **Petitioner,** | **AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254; REQUEST FOR EVIDENTIARY HEARING.** |
| **vs.** | |
| **MAX WILLIAMS,** | |
| **Respondent.** | |

**TABLE OF CONTENTS**                                                    **Page**

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  PROCEDURAL AND JURISDICTIONAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.     Criminal Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

           1.     Trial Court Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

           2.     Direct Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.     Post-Conviction Relief Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           1.     Post-Conviction Appeal I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           2.     Post-Conviction Proceedings On Remand . . . . . . . . . . . . . . . . . . . . . . 4

           3.     Post-Conviction Appeal II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           4.     Certiorari to the United States Supreme Court . . . . . . . . . . . . . . . . . . . 5

      C.     Current Federal Habeas Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  GROUNDS FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.  PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**EXHIBIT LIST**

Exhibit A     Order of the Appellate Commissioner of the Oregon Court of Appeals Granting Reconsideration, Vacating Order Of Dismissal, And Granting Motion For Leave To File Late Notice Of Appeal, dated September 15, 2008.

Exhibit B     Decision of the Oregon Court of Appeals, dated June 8, 2011.

Exhibit C     Petition for Writ of Certiorari to the United States Supreme Court in Frank Edward Gable v. State of Oregon, No. 13-6701.

Exhibit D     Order of the United States Supreme Court, dated November 18, 2013.

## I.  INTRODUCTION

Petitioner, Frank Gable, an incarcerated prisoner in the custody of the State of Oregon, signed a *pro se* Petition for Writ of Habeas Corpus on March 16, 2007, and that Petition was docketed by this Court on March 22, 2007.  Docket No. 1.  Counsel was subsequently appointed.  Docket No. 4.  Petitioner, through counsel, now hereby amends and supplements his *pro se* Petition.  *See* Fed. R. Civ. P. 15.

## II.  PROCEDURAL AND JURISDICTIONAL ALLEGATIONS

**A.     Criminal Proceedings**.

**1.      Trial Court Proceedings**.

In April 1990, Petitioner, Frank Gable, was indicted in Marion County Circuit Court Case No. 90-C-20442 for six counts of aggravated murder and one count of intentional murder.  Resp. Ex. 103.  Each count alleged a different theory for the stabbing death of a single victim, Michael Francke, the Director of the Oregon Department of Corrections, outside the Dome Building in Salem, Oregon on January 17, 1989.  *Id.*  Attorneys Robert Abel and John Storkel were appointed to represent Mr. Gable at trial.

A jury trial took place between March and June of 1991.  The jury convicted Mr. Gable of all counts on June 27, 1991.  The penalty phase trial commenced on July 2, 1991.  The jury rejected the death penalty.  Mr. Gable was sentenced to a term of life imprisonment without the possibility of parole.  Judgment was entered on July 12, 1991.  Resp. Ex. 104.

**Page 1 -     AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254; REQUEST FOR EVIDENTIARY HEARING**

###### 2.      Direct Appeal (A071159, S041282).

On August 14, 1991, Mr. Gable timely appealed, raising five assignments of error, including that the trial court erred in denying his motion to suppress statements he made to law enforcement, erred in excluding evidence that another man, Johnny Lee Crouse, had confessed to the murder, and violated the *Ex Post Facto* Clause by retroactively applying the 1989 amendments to the sentencing statute applicable to aggravated murder.[1]  Resp. Ex. 106.  Attorney John Daugirda represented Mr. Gable on appeal.

On April 20, 1994, the Oregon Court of Appeals issued a published decision, affirming Mr. Gable's conviction.  *See State v. Gable*, 127 Or. App. 320, 873 P.2d 351 (1994).  The Court of Appeals held that Mr. Gable's statements to law enforcement were not obtained in violation of his rights to remain silent and to counsel.  *Id.* at 322-32.  The Court addressed the *Ex Post Facto* issue, stating:

> Defendant also argues for the first time on appeal that the trial court erred during the penalty phase in instructing the jury and in accepting the jury's verdict that defendant should be sentenced to life imprisonment without the possibility of parole or release on the ground that retroactive application of the 1989 amendments to ORS 163.105 and ORS 163.150 violated the *ex post facto* clauses of the state and federal constitutions.  The claim of error is unpreserved and we decline to address it.  *See State v. Walton*, 311 Or. 223, 241, 809 P.2d 81 (1991).

*Id.* at 332.  Finally, the Court wrote: "Defendant's remaining assignments of error do not require discussion."  *Id.*

Mr. Gable petitioned the Oregon Supreme Court for review, raising the same claims.  Resp.

---

[1]  Prior to 1989, aggravated murder was punishable by either life in prison with the possibility of parole or the death penalty.  The 1989 amendment to Oregon's aggravated murder sentencing scheme added life without the possibility of parole as a potential penalty.

**Page 2 -    AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254; REQUEST FOR EVIDENTIARY HEARING**

Ex. 113. The Oregon Supreme Court denied review. *State v. Gable*, 319 Or. 274, 877 P.2d 1202 (1994). Justice Unis would have allowed review. *Id.*

**B.     Post-Conviction Relief Proceedings**.

Mr. Gable timely filed for post-conviction relief in Marion County Circuit Court Case No. 95C12041.[2] In his petition, he raised numerous claims for relief. The post-conviction court denied relief. Resp. Ex. 345. Mr. Gable was initially represented by attorney Michael Curtis, but Mr. Curtis was replaced by attorney Ken Hadley.

**1.     Post-Conviction Appeal I (A113425, S053467).**

Mr. Gable timely appealed the denial of post-conviction relief, raising the following issues. First, trial counsel provided ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution because counsel failed to: (A) investigate and adduce evidence that another man, Tim Natividad, committed the murder; (B) allow Gable to testify on his own behalf in violation of the Fifth and Fourteenth Amendments; and (C) object on *ex post facto* grounds to the availability of a sentence of life imprisonment without the possibility of parole. Next, the trial court denied Mr. Gable the right to be heard under the state constitution and the Due Process Clause of

---

[2] Mr. Gable filed for post-conviction relief on July 5, 1995. At that time, there was no time limit for the filing of a federal petition for writ of habeas corpus. However, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA provides petitioners one year from the date on which their state conviction became final in which to file their federal habeas corpus petition, subject to certain tolling provisions. 28 U.S.C. § 2244(d). For petitioners like Mr. Gable, whose convictions became final prior to the AEDPA, the one-year limitations period commenced on the AEDPA's effective date. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). At that time, however, the limitations period was tolled pursuant to 28 U.S.C. § 2244(d)(2) as a result of a properly pending state-court proceeding that did not conclude until November 18, 2013.

**Page 3 -   AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254; REQUEST FOR EVIDENTIARY HEARING**

the Fourteenth Amendment by failing to adequately respond to two letters he wrote.  Last, the post-conviction court should have awaited the results of DNA testing the court had authorized before issuing its decision denying relief.

Mr. Gable was initially represented on appeal by attorney D. Olcott Thompson. Subsequently, Mr. Gable was represented by attorney Daniel Q. O'Dell.  After O'Dell lost his license to practice law, Mr. Gable was represented by attorney David Celuch.

In a written decision, the Oregon Court of Appeals denied relief on all issues except the claim that counsel was ineffective regarding the *ex post facto* issue.  On that issue, the Court of Appeals concluded that counsel's conduct was ineffective, but remanded for further proceedings to determine whether counsel's ineffectiveness with regard to the *ex post facto* issue had prejudiced Mr. Gable.

After the Court of Appeals' decision, but before the case was remanded, Mr. Gable filed a petition for review to the Oregon Supreme Court, raising the same claims contained in the appellate brief.  Resp. Ex. 357.  That court denied review, and the case was remanded to the post-conviction court for further proceedings on the prejudice issue.  Resp. Ex. 366.

**2.      Post-Conviction Proceedings On Remand.**

On remand, the post-conviction trial court found that Mr. Gable had not established that he had been prejudiced by counsel's failures with regard to his *ex post facto* rights.  Resp. Ex. 371. Attorney Ken Hadley represented Mr. Gable at the remand proceeding.

### 3. Post-Conviction Appeal II (A134838, S059686).

Mr. Gable appealed the post-conviction court's decision that he was not prejudiced by counsel's failures with regard to his *ex post facto* rights. Resp. Ex. 373.[3] On appeal, Mr. Gable was represented by Harrison Latto. The Court of Appeals affirmed without opinion.[4]

The Oregon Supreme Court denied relief in a published opinion. *Gable v. State*, 353 Or. 750, 305 P.3d 85 (2013). Justice Walters dissented, and would have granted relief. Undersigned counsel joined Mr. Latto as co-counsel in the Oregon Supreme Court.

### 4. Certiorari to the United States Supreme Court.

Mr. Gable thereafter timely petitioned the United States Supreme Court for certiorari.[5] Certiorari was denied on November 18, 2013.[6] Undersigned counsel represented Mr. Gable in this proceeding.

## C. Current Federal Habeas Proceedings

Mr. Gable signed his *pro se* habeas corpus petition on March 16, 2007. That Petition was docketed in this Court on March 22, 2007. Docket No. 1. On September 17, 2007, pursuant to a joint request of the parties, this Court issued a scheduling order, which, among other things, tolled

---

[3] A final judgment on the remanded issue was entered against Mr. Gable by the post-conviction court on December 12, 2006. The notice of appeal was filed on February 20, 2007. Despite this late filing, the state courts permitted the appeal to proceed. Petitioner's Exhibit A, attached hereto.

[4] This document appears to have been omitted from the Respondent's Exhibits. It is attached hereto as Petitioner's Exhibit B.

[5] Petitioner's Exhibit C, attached hereto.

[6] Petitioner's Exhibit D, attached hereto

the statute of limitations from March 22, 2007, until the filing of "petitioner's amended petition on or before 6/9/08." Docket No. 19. Subsequently, additional appellate proceedings (described above) took place in the Oregon courts . As a result, and at the request of the parties, this Court stayed the instant proceedings on December 10, 2007. *See* Docket Nos. 21-23. On September 28, 2010, the Court administratively closed this case pending the conclusion of the state-court proceedings. Docket No. 28. On February 11, 2014, after the state-court proceedings concluded, this Court re-opened the instant proceedings. Docket No. 31. The *pro se* Petition (Docket No. 1) was deemed dismissed and re-filed as of February 11, 2014. *Id.*

### III.  GROUNDS FOR RELIEF

#### Ground One

Mr. Gable is entitled to relief from his convictions for aggravated murder and murder pursuant to the Eighth and Fourteenth Amendments of the Constitution because he is actually innocent.

#### Ground Two

Mr. Gable was denied his constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution to a meaningful opportunity to present a complete defense and to defend against the State's accusations.

#### Ground Three

Mr. Gable was denied due process under the Fifth and Fourteenth Amendments to the United States Constitution as a result of cumulative errors during his trial.

Page 6 -    AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254;
            REQUEST FOR EVIDENTIARY HEARING

## Ground Four

Mr. Gable's constitutional rights against the application of *ex post facto* laws, secured by Article I, Section 9, of the United States Constitution were violated when the trial court instructed the jury under the 1989 amendments to Oregon Revised Statute § 163.105 and § 163.150, and when the jury sentenced Mr. Gable to imprisonment for life without the possibility of parole under this same law, which was not in effect at the time of his crime.

## Ground Five

Mr. Gable was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when the State suppressed, failed to preserve, or failed to disclose evidence material to the defense, including but not limited to exculpatory evidence, witnesses statements, and impeachment evidence.

## Ground Six

Mr. Gable was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when the trial court did not require the prosecution to provide discovery to the defense, including, but not limited to, the following.

(A)    Grand Jury testimony of the State's witnesses and Jodie Swearingen.

(B)    The raw data and charts underlying the numerous polygraph examinations conducted by the State during the course of its investigation of the Francke murder.

(C)    Information relating to the purchase and testing of a Chicago Cutlery knife.

(D)    The autopsy of Samuel Cornejo aka Navarro.

### Ground Seven

Mr. Gable was denied his constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution when the trial court excluded evidence of third party guilt.

### Ground Eight

Mr. Gable was denied his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution when the trial court permitted the introduction of irrelevant evidence.

### Ground Nine

Mr. Gable was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when the State was not required to elect a theory of its case.

### Ground Ten

Mr. Gable was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when the State proffered testimony that it knew or should have known was false or failed to correct testimony it knew or should have known to be false.

### Ground Eleven

Mr. Gable was denied his rights under the Fifth and Fourteenth Amendments when the State, through the prosecutor, made prejudicial remarks during closing that were not supported by the evidence.

## Ground Twelve

The trial court violated Mr. Gable's constitutional rights, secured by the Fifth and Fourteenth Amendments to the United States Constitution, when it denied his motions to suppress statements he made to law enforcement after he asserted his rights to remain silent and to counsel.

## Ground Thirteen

Mr. Gable was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when the State failed to offer sufficient evidence to prove every element of each of the crimes charged.

## Ground Fourteen

Mr. Gable was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when the trial court denied his motion for judgment of acquittal.

## Ground Fifteen

Mr. Gable was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his trial attorneys failed to:

(A)    Investigate.

(B)    Make use of the investigation that was conducted and, against the advice of the defense investigators, turned over all information obtained by the defense investigators to the State as discovery without reviewing it to determine which portions were discoverable and which should have been kept as non-discoverable work product or otherwise irrelevant, immaterial, or not discoverable.

(C)    Engage appropriate experts.

(D)    Present evidence of third party guilt.

**Page 9 -    AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254;
          REQUEST FOR EVIDENTIARY HEARING**

(E)     Present appropriate legal support, including citation to federal law, in support of the admission of evidence of third party guilt.

(F)     Pursue a coherent defense strategy and employ a coherent defense theory of the case at trial.

(G)     File appropriate motions.

(H)     Object to the admission of irrelevant evidence.

(I)     Prepare for, cross-examine, and impeach the State's witnesses at trial, including failing to make effective use of impeachment witnesses and investigation available at the time of trial.

(J)     Call appropriate defense witnesses, including failing to conduct investigation necessary to make strategic decisions about which witnesses to call.

(K)     Prepare for, question, and make effective use of defense witnesses.

(L)     Perform an adequate closing argument.

(M)     To meet with and advise Mr. Gable regarding discovery, investigation, and strategy.

(N)     Adequately to represent Mr. Gable, including that trial attorney Robert Abel engaged in a pattern of excessive consumption of alcohol during preparation for the trial and during the trial.

(O)     Properly object and argue to the trial court that the indictment was invalid because the Grand Jury foreman, Thomas H. Denney, OSB No. 66034, was a career prosecutor employed by the Oregon Department of Justice and unauthorized persons were present at the Grand Jury.

(P)     Object on *ex post facto* grounds to the trial court submitting to the jury in the penalty phase of the trial the possibility of Mr. Gable being sentenced to life without the possibility of parole.

### Ground Sixteen

Mr. Gable was denied the effective assistance of counsel under the Sixth and Fourteenth

Amendments to the United States Constitution when his appellate attorneys failed:

(A)     To raise as error preserved defense motions and objections, including but not limited to:

**Page 10 -  AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254;
              REQUEST FOR EVIDENTIARY HEARING**

(1)    the denial or overruling of defense discovery requests, including but not limited to, the requests for Grand Jury minutes, for the raw data underlying the polygraph examinations conducted by the State, for discovery regarding the purchase and testing of the Chicago Cutlery knife, and for the Cornejo autopsy;

(2)    challenges to the admissibility of evidence;

(3)    the denial of the defense motion for mistrial regarding the Chicago Cutlery knife; and

(4)    the denial of the defense motion for judgment of acquittal and failed to challenge the sufficiency of the evidence to sustain the convictions.

(B)    To raise as error the exclusion of proffered defense evidence, including but not limited to:

(1)    evidence of third party guilt; and

(2)    evidence of police interrogation tactics.

## Ground Seventeen

Mr. Gable was denied the right to testify on his own behalf in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## Ground Eighteen

Mr. Gable was denied his rights to due process and to be heard guaranteed by the Fourteenth Amendment to the United States Constitution when the trial court failed to:

(A)    Give Mr. Gable the opportunity to be heard on his letter dated April 2, 1991, in which he requested a hearing on his attorneys' failure to consult with him and to prepare for trial.

(B)    Give Mr. Gable the opportunity to be heard on his letter dated July 1, 1991, in which he asked the court for relief based on several matters including trial counsel's lack of trial preparation, trial counsel's denial of Mr. Gable's right to testify, and trial counsel's excessive use of alcohol.

(C)    Postpone the trial or grant other appropriate relief when almost all of the defense investigators presented a letter to trial counsel, that was also delivered to the court, indicating that the defense attorneys were not prepared to proceed to trial.

### Ground Nineteen

The trial court lacked jurisdiction because the indictment was invalid for the following reasons:

(A)    The Grand Jury foreman, Thomas H. Denney, OSB No. 66034, was a career prosecutor employed by the Oregon Department of Justice, which was involved in the investigation of the Francke homicide. Mr. Denney should have been excused from service on the Grand Jury pursuant to Or. Rev. Stat. § 10.050(2).

(B)    Oregon State Police Officer William Pierce was permitted to sit in on the Grand Jury Proceedings in violation of Or. Rev. Stat. § 132.090.

### Ground Twenty

The post-conviction trial court violated Mr. Gable's constitutional right to due process of law under the Fourteenth Amendment to the United States Constitution when that court concluded that DNA testing was appropriate, but then failed to authorize sufficient funds for testing, which led to delays in the completion of necessary tests, such that the Court issued its ruling prior to the completion of testing, and then refused to re-open the judgment so that testing could be completed.

### IV.  PRAYER FOR RELIEF

Petitioner respectfully requests that this Court grant the writ of habeas corpus and order the matter dismissed unless the State of Oregon, through Marion County, grants him a new trial within sixty days.

RESPECTFULLY SUBMITTED this 20th day of March, 2014.

*/s/ Nell Brown*
Nell Brown
Attorney for Petitioner

**Page 12 -  AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254; REQUEST FOR EVIDENTIARY HEARING**