FREDERICK M. BOSS
Deputy Attorney General
NICK M. KALLSTROM  #050023
SAMUEL A. KUBERNICK  #045562
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  Nick.M.Kallstrom@doj.state.or.us
          Samuel.A.Kubernick@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK E. GABLE,<br><br>      Petitioner,<br><br>    v.<br><br>MAX WILLIAMS,<br><br>      Respondent. | Case No. 3:07-cv-00413-AC<br><br>RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ORDER REGARDING DNA TESTING |

**I.    INTRODUCTION**

Respondent responds to petitioner's *Motion for Order Regarding DNA Testing* (Docket No. 126), filed with this Court on May 3, 2016. In petitioner's motion, he seeks re-testing of three specific items of physical evidence collected by the State in January 1989, during the underlying investigation of Michael Francke's murder. In particular, petitioner asks this Court to order re-testing of Francke's raincoat or overcoat, his glasses, and his scarf. Petitioner makes this request in furtherance of his "claim of actual innocence to excuse his procedurally defaulted

Page 1 -   RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ORDER REGARDING
         DNA TESTING
         NMK/7385857-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

claims." (Docket No. 126, p. 2). As petitioner notes in his *Motion*, respondent has not opposed petitioner's request for nuclear and/or mitochondrial DNA testing of three hairs found on Francke's body and in his car, and the parties will file a proposed order regarding that testing. (Docket No. 126, p. 1 n.1). In addition, respondent has not opposed petitioner's request to run certain latent fingerprints found on Francke's car through the appropriate databases. (Docket No. 126, p. 1 n. 1). That unit of the Oregon State Police does not require an order from this Court to perform such work.

This Court should deny the requests at issue, as petitioner has not established "good cause" for such discovery. *See* Rules Governing Section 2254 Cases, Rule 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure[.]"). Unlike a traditional civil litigant, discovery is available to habeas petitioners "only in the discretion of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (internal citations omitted). For a number of reasons—including that the pieces of evidence at issue were already tested during the course of petitioner's post-conviction relief proceedings, and that it is unlikely that any probative evidence will be discovered as a result of re-testing—this Court should not exercise its discretion to allow this discovery.

## II.     BACKGROUND

Respondent does not dispute the Background section as set forth in petitioner's *Motion for Order Regarding DNA Testing*, and therefore provides only a brief summary relevant to the specific requests made here. The three items of evidence that petitioner wishes to have re-tested—the scarf (Exhibit #55 from underlying criminal trial), the rain coat (Exhibit #343 from underlying trial), and the eyeglasses (Exhibit #39 from underlying trial)—were all found on or near Francke's body on the night of his murder, January 17, 1989, and collected during the murder investigation. The victim was wearing the rain coat and scarf, and the eyeglasses were

Page 2 -     RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ORDER REGARDING
             DNA TESTING
             NMK/7385857-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

found near his feet, on the porch next to an entrance to the "Dome Building." The State introduced all three items as evidence during petitioner's underlying criminal trial. (Trial Tr., Part "I," pp. 6530-31, 6541-42, 6645-48).

In 2000-2001, during the course of the State post-conviction relief proceedings, Dr. Edward Blake of Forensic Science Associates, with the assistance of criminalist Alan Keel, performed DNA testing on those items and several other pieces of evidence. (*See* Exh. A to Petitioner's *Motion for Order Regarding DNA Testing* (filed under seal with this Court on May 6, 2016)). At the outset of his report, Dr. Blake explained that, at that time, petitioner believed that "cellular material that might be found on Francke's . . . clothing which did not originate from Francke could prove his innocence in this case. This belief, however, is based on a misconception." (Exh. A to *Motion for Order*, p. 2). According to Dr. Blake,

> [t]he central misconception is the mistaken belief that in every violent physical assault, such as the Francke homicide, the assailant leaves behind some of his biology that can be readily discovered and distinguished from that of the victim. In fact, in the vast majority of physical assaults, not including sex crimes, the only individual readily dispersing biology is the injured victim. It is usually the victim who bleeds, not the assailant. In such cases it is the finding of the victim's biology in the environment of the assailant that provides the proof of physical contact between a potential suspect and his victim.

(Exh. A to *Motion for Order*, p. 2).

Dr. Blake performed the requested testing, and, as described more fully in his report, Francke could not be eliminated as the source of the blood, and the majority of other cells, recovered from those items. (Exh A., pp. 11-13). As noted above, petitioner now asks that this Court order additional DNA testing of those items, using methods described in his *Motion*, and in Exhibit B to his *Motion*, a *Declaration of William J. Teesdale*, which describes conversations between Mr. Teesdale, the Chief Investigator for the District of Oregon Federal Public Defender's Office, and Alan Keel, a criminalist now employed by Forensic Analytical Sciences, who worked with Dr. Blake on the DNA testing performed during post-conviction proceedings.

Page 3 -    RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ORDER REGARDING
            DNA TESTING
            NMK/7385857-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

(Exh. B to *Motion for Order*, Docket No. 126-1).  For the reasons that follow, this Court should deny petitioner's requests.

### III. PETITIONER HAS NOT ESTABLISHED GOOD CAUSE TO JUSTIFY THE DNA RE-TESTING REQUESTS

As noted above, unlike a traditional civil litigant, habeas petitioners "are not entitled to discovery as a matter of course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rather, "discovery is available only in the discretion of the court and for good cause shown."  *Rich*, 187 F.3d 1064, 1068 (citing Rules Governing Section 2254 Cases, Rule 6(a)).  Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy*, 520 U.S. at 908-09 (alteration in *Bracy*; internal citations omitted).  Discovery in federal habeas cases is not meant to be a "fishing expedition[] to investigate mere speculation."  *Calderon v. U.S. Dist. Court for the Northern Dist. Of California*, 98 F.3d 1102, 1106 (internal citations omitted).  Here, for a number of reasons, this Court should deny petitioner's request for re-testing of the specified items.

### A. Petitioner has not seriously contradicted Dr. Blake's opinion that, in most non-sexual assault cases, an assailant's epithelial (skin) cells are not found on the victim.

As explained above, in his January 2001 report, Dr. Blake stated that, with the exception of sex crimes, it is unusual for an assailant or perpetrator to leave behind his or her "biology" on the victim.  (Exh. A. to *Motion for Order*, p. 2).  Dr. Blake further explained that "in most physical assaults, like the Francke murder, attempting to find biology from an assailant is like looking for the proverbial needed in a haystack."  (*Id*., p. 3).  Even if  DNA "associated with Francke's clothing that originate[d] from neither Francke nor Gable" were found, such a discovery would have "unclear probative value," as such a discovery could be explained by innocent means.  (*Id*.).

Page 4 -   RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ORDER REGARDING DNA TESTING
NMK/7385857-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

While petitioner's *Motion for Order*, and Exhibit B thereto (the *Declaration of William J. Teesdale*), describe new advances in DNA testing, with more discriminating or sensitive "testing kits" available, the existence of—and potential use of—such advanced testing does not, by itself, demonstrate "good cause."  Respondent does not dispute that there are testing methods and kits available now, which were not available during petitioner's underlying trial in 1991, or during state post-conviction proceedings in the early 2000s.  However, petitioner's speculation that repeat testing of the items at issue—with different, newer tests—may lead to the discovery and development of another DNA profile, does not establish good cause.  *See Donald v. Spencer*, 656 F.3d 14, 18 (1st Cir. 2011) (the petitioner's "speculative theories" that advancements in DNA testing and new DNA evidence would "exonerate him" did not meet "good cause" standard for discovery); *Stouffer v. Reynolds*, 168 F.3d 1155, 1173 (10th Cir. 1999) (the petitioner's assertion that he needed "retesting with [] more sophisticated and advanced DNA techniques" because results of prior testing were "inconclusive" did not satisfy "good cause" under Rule 6(a)).  There will likely be continuous advancements and new developments in DNA testing, but that does not mean that habeas petitioners are entitled to discovery merely because of the existence of those advancements.  In this case, even with what appears to be the opinion of Mr. Keel, about new testing that may be available, Dr. Blake's opinion about the unlikelihood of finding DNA of the assailant on the items in question has not been undermined.

**B.    If petitioner merely seeks to show the absence of *his* DNA on the items in question, he does not establish good cause**.

If petitioner merely seeks to show—through the requested testing—that there is no physical evidence linking him to Francke's murder, that does not establish good cause.  As the parties have already described in detail in the *Brief in Support of Petition* (Docket No. 74) and *Response to Amended Petition and to Brief in Support of Amended Petition* (Docket No. 101), the case against petitioner was not based on physical evidence.  Rather, the State's case against petitioner was based largely on witness statements, petitioner's statements, and other

Page 5 -    RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ORDER REGARDING
            DNA TESTING
            NMK/7385857-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

circumstantial evidence. Petitioner's case has never been a "physical evidence" case, and, as the record stands, there is no DNA evidence linking petitioner to Francke or the crime scene. If petitioner's purpose in seeking re-testing of the items in question is simply to reiterate the absence of *his* DNA on those items, this Court should deny the request. *See Lopes v. Campbell*, 2008 WL 618803, *2 (E.D. CA, 2008) (declining to find good cause for requested DNA testing, where "[a]t most, a DNA comparison would show that petitioner was not the donor of DNA found under the victim's fingernails," and "that fact was already established at petitioner's trial"); *Manning v. Epps*, 2008 WL 4516386, *2 (E.D. Miss., 2008) (denying request for DNA testing of certain items, in part because there was "no basis in the record to suggest that DNA from someone other than the victims is likely to be present in the samples").

### C.  As previously explained, the items at issue already have undergone some form of DNA testing.

An additional reason for the Court not to exercise its discretion to allow the requested discovery is that, unlike items that may not have been DNA tested *at all*, the items at issue here were already tested during the course of the post-conviction proceedings.[1] That testing is described in petitioner's Exhibit A to *Motion for Order*.

In that sense, petitioner's requests are unlike requests in cases in which "good cause" was found to allow DNA testing of items that had apparently not undergone any form of DNA testing. *See*, *e.g.*, *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997) (the petitioner established good cause for testing of clothes he was wearing on the night of the murder, and testing of blood samples from him and the victim, to show that "blood on his clothing came from the cut on his hand rather [than] from [the victim's] wounds") (alterations added); *Toney v. Gammon*, 79 F.3d 693, 700 (8th Cir. 1996) (concluding that the petitioner established good cause for discovery, in

---

[1] In contrast, the three hairs that respondent noted in Footnote 1 have not been DNA tested at all, and, primarily for that reason, respondent has not opposed petitioner's request for possible testing of those items.

Page 6 -   RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ORDER REGARDING
          DNA TESTING
          NMK/7385857-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

part because, during underlying trial, trial counsel failed to "obtain state's evidence so as to conduct scientific examinations"). Here, because the scarf, eyeglasses, and raincoat have already been tested, and because the scientist who conducted that testing stated that it was unlikely for the assailant's DNA to be discovered on those items, petitioner has not demonstrated good cause.

## IV. CONCLUSION

Based on the foregoing, this Court should conclude that petitioner has not established "good cause" necessary to invoke this Court's discovery power, and the requests should be denied.

DATED May  17 , 2016.

Respectfully submitted,

FREDERICK M. BOSS
Deputy Attorney General


_s/ Samuel A. Kubernick_
NICK M. KALLSTROM #050023
SAMUEL A. KUBERNICK #045562
Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4794
Nick.M.Kallstrom@doj.state.or.us
Samuel.A.Kubernick@doj.state.or.us
Of Attorneys for Respondent

Page 7 -   RESPONDENT'S RESPONSE TO PETITIONER'S MOTION FOR ORDER REGARDING DNA TESTING
NMK/7385857-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794