IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK GABLE,

        Petitioner,

    v.

MAX WILLIAMS,

        Respondent.

Case No. 3:07-cv-00413-AC

ORDER

ACOSTA, Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the court is Petitioner's Motion for Order Regarding DNA Testing (#126). For the reasons that follow, the motion is GRANTED.[1]

---

[1]The court deems the motion appropriate for disposition without oral argument, accordingly the oral argument currently scheduled for June 28, 2016, is hereby STRICKEN from the court's calendar. See Local Rule 7-1(d)(1).

1 - ORDER -

## BACKGROUND

On March 22, 2007, Petitioner filed this habeas proceeding challenging his 1991 conviction for aggravated murder and intentional murder. From December 10, 2007, until February 11, 2014, the action was stayed pending further state post-conviction relief ("PCR") proceedings. On March 20, 2014, Petitioner filed an Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Request for Evidentiary Hearing. The Amended Petition alleges twenty separate grounds for relief. Petitioner concedes that some of the claims alleged in the Amended Petition are procedurally defaulted. He seeks, however, to establish a colorable claim of actual innocence to excuse the procedural default. *See Schlup v. Delo*, 513 U.S. 298, 324-25 (1995).

In his motion for DNA testing, Petitioner seeks discovery to overcome the procedural default, and to support his underlying constitutional claims. Specifically, Petitioner seeks an order allowing the DNA testing of three items: the victim's raincoat, eyeglasses, and scarf. Petitioner notes the items were previously subjected to DNA testing in 2000 in the course of Petitioner's state PCR trial court proceedings. Petitioner explains, however, that one of the criminalists who performed the 2000 tests recently reviewed the report generated from those tests, and indicated additional testing of the items might be fruitful based on changes and advances in DNA science since 2000.

Specifically, the testing now requested by Petitioner is of areas on the raincoat, scarf, and eyeglasses where there are no bloodstains, but where so-called "touch DNA" may have transferred when the assailant came into contact with the victim. The 2000 DNA testing was limited solely to samples of the areas of the items that had visible staining. Now, the criminalist would survey different areas of the items for genetic material that could have transferred through contact. In addition, the 2001 DNA report suggested presence of DNA on the victim's scarf from a minor contributor, *i.e.*, someone other than the victim, which could potentially be elucidated further with DNA tests which have been developed in the intervening years.

Respondent opposes the DNA testing sought by Petitioner on the basis that Petitioner has not shown good cause for discovery. Respondent contends the items were already subjected to DNA testing during Petitioner's state PCR proceeding, and that based upon the 2001 report, further testing is not likely to produce additional evidence. Respondent does not dispute, however, that there are DNA testing methods and kits available now which were not available during the state PCR proceedings. Respondent argues, nonetheless, that Petitioner's "speculation" that repeat testing of the three items with different, new tests may lead to the discovery and development of new DNA evidence does not establish good cause.

3 - ORDER -

## DISCUSSION

Habeas petitioners are not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Smith v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010). Instead, Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "Good cause" exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *see also Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005) (noting that petitioner need not demonstrate that he will ultimately prevail his underlying claim, it is enough that the discovery sought might only provide support for a claim).

Upon a thorough review of the record currently before the court, the court concludes that Petitioner has demonstrated good cause for discovery to prove a colorable claim of actual innocence to excuse the procedural default of his state remedies. *See O'Neal v. Lampert*, 199 F. Supp. 2d 1064 (D. Or. 2002) (allowing discovery to prove actual innocence to excuse procedural default and statute of limitations violation); *High v. Nevens*, Case No.

2:11-cv-00891-MMD-VCF, 2013 WL 1292694 at *9 (D. Nev. March 29, 2013) (discovery under Rule 6 is not restricted to potential evidence relevant only to the merits; courts frequently authorize discovery where factual issues are directed to a petitioner's effort to overcome a federal or state procedural bar). Given the lack of physical evidence in the underlying case against Petitioner, as well as the evidence Petitioner already has submitted to the court in this action, there is reason to believe that results from additional DNA testing of the three items requested may support a colorable claim of actual innocence, as well as the merits of Petitioner's underlying constitutional claims.   Accordingly, Petitioner's requested discovery shall be permitted.

### CONCLUSION

For these reasons, the court GRANTS Petitioner's Motion for Order Regarding DNA Testing (#126). Petitioner having submitted the attached proposed form "Order Authorizing DNA Testing" which describes the material to be tested, a schedule for the testing, and the protocol for transfer of the evidence to an independent laboratory for testing, Respondent shall have 10 days to inform

the court, in writing, of any objection thereto.  If no objection

is received within the time provided, the court shall issue the

Order as proposed.

        IT IS SO ORDERED

        DATED this _13th_ day of June, 2016.

                                  John V. Acosta
                                  United States Magistrate Judge