FREDERICK M. BOSS
Deputy Attorney General
BENJAMIN GUTMAN #160599
Solicitor General
NICK M. KALLSTROM  #050023
SAMUEL A. KUBERNICK  #045562
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  Benjamin.Gutman@doj.state.or.us
         Nick.M.Kallstrom@doj.state.or.us
         Samuel.A.Kubernick@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK E. GABLE,<br><br>      Petitioner,<br><br>    v.<br><br>MAX WILLIAMS,<br><br>      Respondent. | Case No. 3:07-cv-00413-AC<br><br>REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO PETITIONER'S MOTION FOR RELEASE |

Page i -   REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO
            PETITIONER'S MOTION FOR RELEASE
            NMK/9644965-v1
                            Department of Justice
                            1162 Court Street NE
                            Salem, OR 97301-4096
                            (503) 947-4700 / Fax: (503) 947-4794

I.  Introduction

Since respondent moved for a stay of this Court's judgment granting a conditional writ of habeas corpus pending appeal (ECF # 171), petitioner has filed a response to that motion, as well as a motion for release pending appeal. (ECF #180-81). In those pleadings, petitioner indicates that he does not oppose a stay of this Court's order requiring initiation of a new trial within 90 days, but requests release pending appeal, explaining that he would be subject to a three-year term of federal supervision as a result of a prior federal conviction for Ex-Felon in Possession of a Firearm. As petitioner indicates, the parties have attempted to narrow the issues for resolution by this Court. To that end, respondent will not oppose petitioner's release pending appeal, as contemplated under Fed. R. App. P. 23(c), provided that this Court stays its judgment pending appeal and imposes certain conditions on petitioner's release, in addition to those imposed by virtue of petitioner's prior federal conviction. As explained below, respondent objects to petitioner's request, made in the conclusion of his motion for release, to have this Court vacate the underlying state-court judgment, as well as any request that this Court order the Oregon Department of Corrections (ODOC) to re-compute petitioner's sentence to apply the time he has served in ODOC custody towards something other than his aggravated murder convictions.

II.  **The Court should deny petitioner's request to vacate the judgment and should not order ODOC to compute petitioner's sentence to apply the time he has served in ODOC custody towards something other than his aggravated murder convictions.**

In granting petitioner a conditional writ of habeas corpus, this Court ordered that petitioner "shall be released from custody unless the State of Oregon elects to retry him within 90 days of the date of this order." (ECF 168, p. 94). Under that order, the writ does not issue unless the State fails to meet the Court's condition (i.e., elect to retry petitioner within 90 days). *See Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) ("[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to

Page 1 -   REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO
             PETITIONER'S MOTION FOR RELEASE
   NMK/9644965-v1
                                    Department of Justice
                                    1162 Court Street NE
                                    Salem, OR 97301-4096
                              (503) 947-4700 / Fax: (503) 947-4794

life."). At several points in his briefing, petitioner indicates that he does not oppose a stay of this Court's retrial order. (ECF # 180, p. 1 and 181, pp. 4, 6, 15). However, in the conclusion of his motion for release pending appeal, petitioner also requests that this Court vacate the underlying state-court judgment. (ECF #181, p. 20). Respondent opposes that request, as it is inconsistent with a stay.

If this Court were to vacate the underlying state-court judgment on petitioner's motion, respondent would cease to have authority to incarcerate petitioner and would be required to immediately release him. Thus, an order vacating the underlying state-court judgment would be akin to an absolute, unconditional issuance of the writ, a remedy that exceeds the conditional writ contained in the judgment this Court has previously entered. (ECF #169). But the Supreme Court has explained that "[t]he typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner[.]" *Herrera v. Collins*, 506 U.S. 390, 403 (1993); *see also Gardner v. Pitchess*, 731 F.2d 637, 639 (9th Cir. 1984) ("We are mindful of the considerations of comity underlying the habeas writ, which require that state courts be given an opportunity to correct alleged violations before federal courts step in."). And petitioner has not explained why this Court should depart from its prior ruling allowing a conditional writ and instead grant the extraordinary remedy that he now requests.[1] If such a remedy were granted, far from being granted a stay, the State would be required to expeditiously determine whether to retry petitioner on the existing indictment during the pendency of the appeal, among other reasons, to comport with petitioner's potential speedy-trial rights.

---

[1] "Unconditional writs of habeas corpus are generally limited to three types of circumstances: (1) unlawful prosecutions; (2) failures to comply with a conditional writ; and (3) extraordinary circumstances, typically involving egregious conduct by the government." Brian R. Means, *Federal Habeas Manuel: A Guide to Federal Habeas Corpus Litigation* § 13:8 at 1626 (2017). Petitioner has not argued that any of those circumstances apply here.

Page 2 -   REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO PETITIONER'S MOTION FOR RELEASE
NMK/9644965-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Given that a Notice of Appeal has been filed in this matter, the Court is divested of jurisdiction over aspects of the case involved in the appeal. *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (providing that, "[a]s a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal[,]" but explaining that district court retains jurisdiction under Fed. R. App. P. 23 to "issue orders regarding the custody or enlargement of a petitioner even after an appeal has been taken . . . "). The nature of relief granted in this case is an aspect involved in the appeal, the transformation of which—from conditional to unconditional—would unexpectedly deprive the State of any opportunity to comply with the Court's condition to avoid the writ's issuance. *See also Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992) (holding that "the district court was without jurisdiction to amend its original order granting [petitioner]'s habeas petition since an appeal from that order already had been taken to this Court.").

Further, there is substantial authority indicating that, although a federal habeas court has authority to order a successful habeas petitioner's release from custody—as the Court has done here—it is beyond the scope of federal habeas to revise or vacate a state-court judgment. *See e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) ("When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.' *Ibid.* The court does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter.*"); *Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring) ("Conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release."); *Fay v. Noia*, 372 U.S. 391, 430-31 (1963) ("Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the

Page 3 -   REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO PETITIONER'S MOTION FOR RELEASE
NMK/9644965-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

petitioner.") *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008) ("The consequence when the State fails to replace an invalid judgment with a valid one is 'always release.'"); *Gardner*, 731 F.2d at 640 (reversing as "overly broad" a grant of the writ that, in addition to ordering the petitioner's release, ordered the state court to vacate the conviction and dismiss the criminal charges, explaining that "[f]ederal habeas relief usually accomplishes its purpose by ordering the petitioner's release from state custody."); *Smith v. Spina*, 477 F.2d 1140, 1147 (9th Cir. 1973) ("Only the Supreme Court has power, on direct appeal to reverse a state judgment of conviction. Federal habeas corpus jurisdiction is based on detention simpliciter. [Citation omitted]. The jurisprudential effect of the granting of a federal writ is to release relator from custody. It does not have the force and effect of voiding a conviction.").[2]

In addition to requesting that this Court vacate the state-court judgment, petitioner also indicates in his motion for release that ODOC is "[a]pparently" prepared to re-compute his sentence following the vacation of the judgment, such that none of the time he has served in state custody is credited toward service of his sentence on his conviction for aggravated murder. (ECF #181, pp. 3-4). Petitioner is incorrect. If the judgment of conviction were to be vacated, ODOC would immediately cause petitioner to be released from state confinement to federal authorities pursuant to a federal detainer (issued in 1991 following petitioner's federal conviction for Ex-Felon in Possession of a Firearm), but it would not re-compute his sentence to apply the time he has served in ODOC custody towards something other than his aggravated murder conviction. Nor would it "uncredit" the time and apply the time he has served towards nothing at

---

[2] Despite the Supreme Court's explanation that a habeas court's review is limited to "the lawfulness of the petitioner's custody *simpliciter*[,]" some courts have assumed that a habeas court has the authority to vacate a state-court judgment. But even if it is assumed that a habeas court does have the power to vacate a state-court judgment, the judgment would be vacated only *after* the writ issued. *See e.g.*, *Douglas v. Jacquez*, 626 F.3d 501, 505 (9th Cir. 2010) (allowing for vacation of conviction in a conditional writ only *after* a reasonable amount of time "such as 90 days" had elapsed to allow the state to correct the constitutional infirmity).

Page 4 -   REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO
           PETITIONER'S MOTION FOR RELEASE
           NMK/9644965-v1
                              Department of Justice
                              1162 Court Street NE
                              Salem, OR 97301-4096
                              (503) 947-4700 / Fax: (503) 947-4794

all.  Rather, upon petitioner's release, ODOC would close the sentence and compute the amount of time that petitioner served upon that sentence, making that information available to federal authorities upon request.

To the extent that petitioner is requesting that this Court order ODOC to compute petitioner's sentence in its internal records in any particular manner following an order vacating the judgment, such an order would be beyond the scope of federal habeas.  Indeed, in federal habeas, a court is without authority to order the modification of the state-court judgment under review.  *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) (concluding that "the district court did exceed its habeas powers when it directed the state to modify [the petitioner]'s sentence.").  If the Court does not have the power to modify a sentence in the state-court judgment under review, it does not have the further power to manage or modify how a state agency internally classifies the time an inmate has previously served on a particular sentence.

Respondent understands that petitioner's requests that this Court vacate the state-court judgment and order ODOC to compute petitioner's sentence in a particular manner are made because petitioner believes those steps must be taken for petitioner to receive credit for the time he has served on his aggravated-murder convictions towards a consecutively-imposed 105-month federal sentence that petitioner received on his conviction for Ex-Felon in Possession of a Firearm.  However, the Federal Bureau of Prisons (BOP) has communicated to respondent that, should petitioner be released pending appeal, its decision whether to credit petitioner with his time served in state custody does not hinge on whether the state-court judgment is vacated or how ODOC internally classifies the time petitioner has served in state custody.  Rather, as described in petitioner's motion for release (at ECF #181, p. 5), BOP has informed respondent that it will *not* credit petitioner with time served in state custody against his federal sentence until the appeal of this matter is resolved in petitioner's favor.$^{3}$  Thus, should petitioner be released

---

$^{3}$ The BOP explains its position in an email attached to this filing.  (Att. 1).

Page 5 -   REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO PETITIONER'S MOTION FOR RELEASE
NMK/9644965-v1

pending appeal of this Court's judgment, respondent understands that petitioner will be released to the custody of the U.S. Marshall and will be required to begin serving his consecutive 105-month federal sentence.

In summary, the Court should stay the judgment previously entered pending the appeal, and deny petitioner's requests to vacate the underlying state-court judgment and to order ODOC to compute his time served in any particular manner.

### III. The *Hilton* factors support a stay of this Court's judgment issuing a conditional writ of habeas corpus while the appeal is pending.

#### A. Respondent is either likely to succeed on appeal, or has a "substantial case on the merits."

Respondent recognizes that it is exceedingly unlikely that a Court, having recently concluded that habeas relief is warranted, would find that its judgment so concluding is likely to be reversed on appeal, absent a dramatic change in circumstances or the law. However, for the reasons stated in his previously filed motion for stay, respondent's case on the merits is not insubstantial, and requests that this Court find that respondent has a "substantial case on the merits." *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987).

To be sure, many of the arguments made in respondent's motion for a stay concerning the merits of this case have been rejected by this Court. But respondent has established that, in granting relief under *Chambers v. Mississippi*, 410 U.S. 284 (1973), the Court has extended *Chambers* to circumstances to which it has not been extended before. That is, no court has previously concluded that a third-party confession bore "persuasive assurances of trustworthiness," such that due process compelled its admission at trial despite its inadmissibility under state evidentiary law, where the third party (here, Crouse) had given numerous accounts that were constantly changing in dramatic fashion and, in several respects, were contrary to the physical evidence. Respondent has a "substantial case on the merits" that the Court extended *Chambers* too far.

Page 6 - REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO PETITIONER'S MOTION FOR RELEASE
NMK/9644965-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Similarly, respondent is unaware of any previous decision in which a Court has found actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), based upon affidavits in which witnesses recant their trial testimony several years (and in some cases decades) after they testified at trial, without any sort of cross examination or other adversarial testing as to circumstances that call into question the reliability of those recanting affidavits. Petitioner argues that the Ninth Circuit will be limited to reviewing this Court's factual findings on actual innocence—to the extent such findings were made—for clear error. (ECF # 181, pp. 7-8). The Supreme Court has concluded otherwise. *See House v. Bell*, 547 U.S. 518, 539-40 (2006) (rejecting the argument that the district court's findings "tie our hands" absent a showing of "clear error[,]" explaining that "the inquiry does not turn on discrete findings regarding disputed points of fact," but instead requires a "holistic judgment about all the evidence and its likely effect on reasonable jurors . . ." (internal quotation marks and citations omitted)). As with the claim under *Chambers*, respondent has a "substantial case on the merits" that it is unlikely that all reasonable jurors would reject the witnesses' trial testimony, given under oath and subject to cross examination, and instead credit affidavits signed several years after the trial.

**B. The remaining factors support a stay of the Court's judgment issuing a conditional writ of habeas corpus while the appeal is pending.**

As explained in the motion for stay, respondent will suffer irreparable injury if forced to elect to retry petitioner during the pendency of the appeal, as it will be required to expend substantial time and resources on a retrial that, depending on the outcome of the appeal, may become unnecessary. The initial trial spanned four months during the summer of 1991, and any retrial would potentially involve further complications for both the State and petitioner, given that it would occur over 30 years after Michael Francke's death. Indeed, petitioner agrees that the "State might be irreparably harmed absent a stay of the retrial order," but explains that the "question is not at issue because Mr. Gable agrees to a stay of the retrial order." (ECF #181, p. 15). For similar reasons, the public interest also favors a stay of this Court's judgment

Page 7 - REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO PETITIONER'S MOTION FOR RELEASE
NMK/9644965-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

pending the appeal, given that any retrial may become unnecessary, in the event the Ninth Circuit reverses the Court's judgment or remands for further proceedings before this Court. *See e.g.*, *Decker v. Persson*, 2015 WL 7069662 *2 (D. Or. Nov. 13, 2015) (explaining that "it makes little sense to require the State to begin a new trial if there is a possibility that the outcome could be mooted by a reversal of the Court's Judgment on appeal."); *Franklin v. Duncan*, 891 F. Supp. 516, 520 (1995) ("It makes little sense for the State to be required to immediately conduct a murder trial if there is any possibility the trial could be mooted by a reversal of this Court's order on appeal."); *Dassey v. Dittmann*, 2016 WL 6684214 *1 (E.D. Wis. Nov. 14, 2016) ("The purpose of such a stay was to avoid the obvious inefficiency of forcing the state to retry [petitioner] while concurrently appealing this court's decision.").

**IV.** **Respondent will not oppose petitioner's motion for release under Fed. R. App. P. 23(c), provided that the Court stays its judgment imposing a conditional writ of habeas corpus and imposes certain conditions on petitioner's release.**

As discussed above, based on communication with BOP, it is respondent's understanding that, should petitioner be released pending appeal, he will be required to begin service of his consecutively-imposed federal sentence. However, in recognition that Fed. R. App. P. 23(c) creates a presumption for a successful habeas petitioner's release pending appeal, should BOP's position change (whether through reinterpretation of its rules or some other circumstance), respondent will not oppose petitioner's release pending appeal, provided that the Court stays the judgment pending appeal and imposes certain conditions upon petitioner's release.

As explained in the motion to stay, prior to petitioner's conviction for aggravated murder in 1991, he posed a significant threat to the community, having been twice convicted of Robbery in the Second Degree. (Tr. 10132). Describing the second robbery, in 1984, the store clerk testified that during the robbery petitioner "just kept jerking me around and it was hard for me to breathe because he had his hand clasped over my mouth and part of my nose." (Tr. 10120). Petitioner's then-wife testified that petitioner would repeatedly assault her, once breaking her

Page 8 - REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO PETITIONER'S MOTION FOR RELEASE
NMK/9644965-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

arm and another time slicing her leg, requiring several stiches. (Tr. 10242-43, 10252-56). The testimony at the penalty phase of petitioner's trial indicated that petitioner possessed weapons on multiple occasions, including firearms and knives. (Tr. 10151-53, 10161, 10205, 10245-47, 10249, 10258, 10266). And, as noted above, petitioner was eventually convicted of a federal crime, Ex-Felon in Possession of a Firearm, and was sentenced to 105 months of incarceration. *United States v. Gable*, Case No. 3:90-CR-00170-PA-1. Thus, if petitioner is to be released, this Court should impose conditions of release, to be supervised by a federal probation officer, pursuant to its authority under 18 U.S.C.A. § 3603(10). *See e.g.*, *Franklin*, 891 F. Supp. at 522 (imposing conditions on release pending appeal); *Dassey*, 2016 WL 6684214 *6-7 (same).

As petitioner notes, if released, petitioner will be subject to several conditions by virtue of his prior federal conviction for a period of three years. However, respondent requests that this Court impose each of those conditions as well, such that this Court will have independent authority to ensure compliance with those conditions and the conditions will remain in effect should petitioner's release pending appeal extend beyond three years. In addition to those conditions of release, respondent also requests that this Court impose the following conditions:

1. Petitioner shall submit to electronic monitoring if deemed necessary by the probation officer.
2. Petitioner shall appear if required by the Court at all proceedings related to this matter.
3. Petitioner shall not have any type of contact with any witness who testified at his state-court trial on the murder charges that are the subject of this proceeding. This provision does not preclude petitioner's attorneys and other members of his legal team from having such contact. Should any such witness reach out to Petitioner, he may only respond by directing them to contact his attorney, and such contact would not be treated as a violation of this condition.
4. Petitioner shall not be permitted to apply for or obtain a passport or to travel internationally.
5. Prior to release from state custody, petitioner shall execute a waiver of extradition to Oregon from the State to which he is released.
6. Petitioner shall not be permitted to travel outside of the State to which he is released without notice to respondent and prior permission of this Court and his federal probation officer. Prior to any travel outside of the State to

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

which he is released, petitioner shall execute a waiver of extradition to Oregon from any state to which he is permitted to travel.
7. In the event that this Court's judgment granting a conditional writ of habeas corpus is reversed on appeal or reversed for further proceedings before this Court, petitioner shall agree to surrender himself to the U.S. Marshal or to Oregon law-enforcement officials for transport back into the custody of the Oregon Department of Corrections.
8. In the event that this Court's judgment granting a conditional writ of habeas corpus is affirmed on appeal and the State of Oregon elects to retry petitioner, petitioner shall agree to surrender himself to the U.S. Marshal or to Oregon law-enforcement officials for transport back to Oregon for retrial.

As indicated in petitioner's recent status report, petitioner does not oppose this Court imposing the supervised-release conditions imposed on his federal conviction, and does not oppose *some* of the additional conditions requested by respondent. (ECF #184). The parties continue to be in negotiations regarding the remainder of the additional conditions requested by respondent.

## V. Conclusion

For the reasons discussed above, respondent opposes petitioner's request that this Court vacate the underlying state-court judgment, as well as any request that this Court order ODOC to compute time previously served in a particular manner. However, respondent does not oppose petitioner's release pending appeal under Fed. R. App. P. 23(c), provided that this Court stays the judgment pending appeal, as well as orders the conditions of release, as outlined above.

DATED June __14__, 2019.

Respectfully submitted,

FREDERICK M. BOSS
Deputy Attorney General

*s/ Benjamin Gutman*
BENJAMIN GUTMAN #160599
Solicitor General
NICK M. KALLSTROM #050023
SAMUEL A. KUBERNICK #045562
Assistant Attorneys General

Page 10 - REPLY TO PETITIONER'S RESPONSE TO MOTION TO STAY AND RESPONSE TO PETITIONER'S MOTION FOR RELEASE
NMK/9644965-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

**Kallstrom Nick M**

From: Nicholas Bolduc <Nbolduc@bop.gov>
Sent: Thursday, June 13, 2019 2:09 PM
To: Kallstrom Nick M
Subject: Re: BOP's postion on credit for time served

Mr. Kallstrom,

My prior statement as outlined below is true and accurate and may be provided to the Court.

If Mr. Gable is released from state custody pending appeal, the United States Marshal's Service will take Mr. Gable into custody pursuant to a federal detainer based on his consecutive federal sentence.

Upon completion of the appeal process and a determination of Mr. Gable's state sentence has been made, the BOP will review his sentence computation, if appropriate, to determine what prior custody credit if any will be applied to the federal sentence.

Thank you,

Nicholas S. Bolduc
Senior Attorney
U.S. Department of Justice
Federal Bureau of Prisons
FDC SeaTac Consolidated Legal Center
Direct: (206) 870-1088
Email: nbolduc@bop.gov
>>> Kallstrom Nick M <nick.m.kallstrom@doj.state.or.us> 6/13/2019 1:59 PM >>>
Mr. Bolduc,

Last week you forwarded information from the Designation and Sentence Computation Center (DSCC) of the Bureau of Prisons (BOP) concerning whether BOP would credit Mr. Gable with time served in state custody towards his consecutive federal sentence should he be released pending the State's appeal of a federal habeas judgment granting Mr. Gable relief. The information you forwarded was as follows:

> Here is what DSCC (BOP sentence computation experts) have said:
>
> *Gable needs to be turned over to the Marshals for service of his federal sentence if he is released on bond pending an appeal. See excerpt from policy below.*
>
> *Upon completion of the appeal process and a determination of his state sentence has been made, the BOP will review his sentence computation, if appropriate, to determine what prior custody credit if any will be applied to the federal sentence.*
>
> *Gable's attorney can contact me with any questions.*
>
> *Per Program Statement 5880.28, 1-17:*

*Credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign. The following exceptions apply:*

*a Time spent serving another foreign or state sentence that is vacated may be creditable as prior custody time credit provided the sentence was not vacated merely for resentencing. Any such time which is credited must be time spent after the commission of the federal offense. If a vacated state or foreign sentence results in a re-trial and subsequent resentencing, any credit applied to that resentencing must be removed from the federal sentence computation, provided the inmate has not yet been released from that sentence.*

*b Time spent serving another federal, foreign or state sentence that is vacated merely for resentencing shall not have any effect on the SRA sentence computation until such time as the inmate is resentenced. If the resentencing results in a term which is less than the time the inmate has already served on the vacated sentence, the excess time not now credited to any other sentence shall be credited to the SRA term provided it was time spent after the commission of the federal offense.*

I hope this material helps. Please contact me with any questions.

If this remains the position of BOP, I will so advise the Court and provide it with a copy of the above statement.

Thanks,

Nick Kallstrom
Assistant Attorney General | Trial Division
Oregon Department of Justice
100 SW Market St., Portland, Oregon
971.673.1880

*****CONFIDENTIALITY NOTICE*****

This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system.

*************************************