**Nell Brown**
**Mark Ahlemeyer**
**Assistant Federal Public Defenders**
**101 SW Main Street, Suite 1700**
**Portland, Oregon  97204**
**Tel:    (503) 326-2123**
**Fax:    (503) 326-5524**
**Email: nell_brown@fd.org**
**Email: mark_ahlemeyer@fd.org**

**Attorneys for Petitioner**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FRANK E GABLE,** | |
| Petitioner, | Case No. 3:07-cv-00413-AC |
| v. | PETITIONER'S FINAL STATUS REPORT |
| **MAX WILLIAMS,** | |
| Respondent. | |

    Petitioner, Frank Gable, files this additional, final status report relating to his pending unopposed motion for release (CR 181).  After the filing of a Section 2255 motion and upon joint request of the parties to Mr. Gable's criminal case, the Honorable Judge Simon entered an order staying execution of the federal sentence and directing the U.S. Marshal to remove the detainer relating to the sentence imposed in *United States v. Gable*, No. 90-CR-170-SI.  Judge Simon directed that Mr. Gable should also be released to Pretrial Services in the criminal case and delegated to this Court the decision on the appropriate release conditions.  It is anticipated that the joint Pretrial/Probation Office in the relevant district also will supervise Mr. Gable on this matter if the Court orders release.  It is also anticipated that identical conditions would be imposed in the criminal case and in this civil case.  Judge Simon's order obviates the need for this Court to order

Page 1 – STATUS REPORT

Mr. Gable's state sentence "vacated" or to order the ODOC to recompute Mr. Gable's state sentence so those requests are moot.

Upon removal of the U.S. Marshal detainer in the federal criminal case, Petitioner requests that this Court release him pending the Respondent's appeal of this Court's Opinion and Order granting habeas corpus relief (CR 168). Petitioner further requests that release be pursuant to each of the conditions set out in the Judgment in a Criminal Case in *United States v. Gable*, No. 90-CR-170-SI (previously submitted as CR 181-2).

As previously noted, Respondent does not oppose Petitioner's release upon conditions (CR 173). Respondent set out the additional conditions it seeks in its reply (CR 173). At the State's request, Petitioner also agrees to the following additional conditions:

Additional Condition 1: Petitioner shall appear if required by the Court at all proceedings related to this matter.

Additional Condition 2: Petitioner shall not have contact with any witness who testified at his state-court trial on the murder charges that are the subject of this proceeding. This provision does not preclude petitioner's attorneys and other members of his legal team from having such contact. Should any such witness reach out to Petitioner, he may only respond by directing them to contact his attorney, and such contact would not be treated as a violation of this condition.[1]

---

[1] Petitioner has concerns about the breadth of this condition and the possibility for inadvertent violations when others contact him. As the Court is aware, numerous witnesses participated in Mr. Gable's state-court trial. Still more were interviewed by police. While Mr. Gable is not currently in contact with these individuals, it is foreseeable that, particularly upon learning of his release or reading about him in the newspaper, some individuals might call or write to him. Mr. Gable will refer those individuals to counsel.

Page 2 – STATUS REPORT

<u>Additional Condition 3</u>:  Petitioner shall not be permitted to apply for or obtain a passport or to travel internationally.

The State sets out a number of additional conditions on pages 9-10 of its latest filing. In response, Mr. Gable would agree to the following additional condition, if the Court deems it necessary.

<u>Additional Condition 4</u>:  In the event that this Court's order is reversed by the Ninth Circuit Court of Appeals and any request by Petitioner for review by the United States Supreme Court is decided adversely to Petitioner, Petitioner shall report to the institution from which he was released or to such other institution as the State of Oregon shall designate within 72 hours of being notified of the Supreme Court's adverse decision.

The other conditions sought by the Respondent are unnecessary as either redundant or premature. These additional conditions appear to be intended to secure Mr. Gable's presence in Oregon in the event certain occurrences take place. Should any of those occurrences take place or should Mr. Gable's presence otherwise be required in Oregon, this Court would only need to set a status conference and order Mr. Gable to appear. Mr. Gable should be permitted to appear out of custody at any such court proceeding. Failure to appear would violate Additional Condition No. 1 set out above. In the unlikely event of such a failure, this Court could order the U.S. Marshal to arrest Mr. Gable and bring him to this Court.

Any travel outside the district to which Mr. Gable will be released will be approved and supervised by a federal pretrial or probation officer. Mr. Gable should be required to report to his supervising officer, who works on behalf of the Court, and not to other entities. Requiring Mr. Gable also to provide notice of any proposed travel to the Respondent is unduly burdensome,

Page 3 – STATUS REPORT

unnecessarily redundant, and is likely to lead to confusion. Likewise, requiring Mr. Gable to sign extradition waivers for any state to which he travels is also unduly burdensome and unnecessarily redundant given the requirements of the other conditions.

Mr. Gable will report to the institution in which he has been housed or such other institution designated by the State of Oregon if this Court's Opinion and Order is reversed on appeal. However, if the Ninth Circuit were to remand this case for an evidentiary hearing or for further proceedings, it would be appropriate for this Court to hold a hearing at that time to determine whether to continue Mr. Gable's release on conditions. If Mr. Gable were to prevail on appeal, he will continue to be supervised until further notice or order from this Court.

Respondent also requests a condition that allows the federal supervising officer to add electronic monitoring at his or her discretion. There is no evidence that Mr. Gable is a flight risk other than the inescapable fact that he faces a sentence of life without parole in the unlikely event that this Court's Opinion and Order is reversed. Mr. Gable voluntarily appeared at the Oregon State Police Patrol office in September 1989 and has been incarcerated since that day—nearly thirty years. Electronic monitoring would cause Mr. Gable to incur an expense and a burden that is not necessary at this time. Should electronic monitoring become necessary based on a change in circumstances, Mr. Gable's supervising officer should apply to this Court to modify his conditions setting out the change in circumstances that warrants the additional condition.

Accordingly, Petitioner requests that the Court grant Petitioner's motion for release and ORDER that Petitioner is RELEASED pursuant to each of the conditions set out in the Judgment

in *United States v. Gable*, No. 90-CR-170-SI, available at CR 181-2, and any additional conditions this Court deems appropriate.

      Respectfully submitted on June 25, 2019.

                                 /s/ *Nell Brown*
                                 Nell Brown

                                 */s/ Mark Ahlemeyer*
                                 Mark Ahlemeyer

                                 Attorneys for Petitioner