FREDERICK M. BOSS
Deputy Attorney General
BENJAMIN GUTMAN #160599
Solicitor General
NICK M. KALLSTROM  #050023
SAMUEL A. KUBERNICK  #045562
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email:  Nick.M.Kallstrom@doj.state.or.us
         Samuel.A.Kubernick@doj.state.or.us

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRANK E. GABLE,<br><br>    Petitioner,<br><br>    v.<br><br>MAX WILLIAMS,<br><br>    Respondent. | Case No. 3:07-cv-00413-AC<br><br>STATUS REPORT |

Following the cancellation of the hearing on respondent's motion for a stay and petitioner's motion for release, respondent submits this status report primarily to address issues still in dispute relating to the conditions of release, should this Court decide to release petitioner pending appeal.

**A.**    **Matters not in dispute**

As indicated in petitioner's prior briefing, petitioner does not oppose respondent's request to stay this Court's judgment granting a conditional writ of habeas corpus pending respondent's appeal. Accordingly, for the reasons stated in his prior briefing, respondent requests that the

Page 1 -    STATUS REPORT
NMK/9697852-v1
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Court grant respondent's motion for a stay, such that the writ will not issue during the pendency of respondent's appeal.

As indicated in petitioner's most-recent status report, he no longer requests that this Court vacate the underlying state-court judgment or order the Oregon Department of Corrections (ODOC) to compute petitioner's time served in ODOC custody in any particular manner.

As also indicated in prior briefing, respondent does not oppose petitioner's release pending appeal pursuant to Fed. R. App. P. 23(c), provided that respondent's motion for stay is granted and certain conditions of release are imposed by this Court.

The parties agree that this Court should impose as conditions for release all of the supervised-release conditions imposed as a result of petitioner's federal conviction for Ex-Felon in Possession of a Firearm. Those conditions are set out at ECF #181-2. The parties likewise agree to the following additional conditions for release:

- Petitioner shall appear if required by the Court at all proceedings related to this matter.
- Petitioner shall not have contact with any witness who testified at his state-court trial on the murder charges that are the subject of this proceeding. This provision does not preclude petitioner's attorneys and other members of his legal team from having such contact. Should any such witness reach out to petitioner, he may only respond by directing them to contact his attorney, and such contact would not be treated as a violation of this condition.
- Petitioner shall not be permitted to apply for or obtain a passport or to travel internationally.

### B.     Matters in dispute

There are several of respondent's proposed conditions for release with which petitioner disagrees, primarily on the basis that he believes them to be unnecessary or unduly burdensome. (ECF #187, p. 3). Respondent writes to briefly explain why he believes those conditions are necessary:

- **Petitioner shall submit to electronic monitoring if deemed necessary by the probation officer.**

As explained in respondent's briefing, prior to petitioner's conviction for Aggravated Murder, he posed a significant threat to the community. (ECF #185, pp. 9-10). Should

Page 2 -   STATUS REPORT
NMK/9697852-v1

petitioner be released pending appeal, respondent believes that his supervising officer should have available all of the tools that the officer believes is necessary to ensure petitioner's compliance with the terms of release.

- **In the event that this Court's judgment granting a conditional writ of habeas corpus is reversed on appeal or reversed for further proceedings before this Court, petitioner shall agree to surrender himself to the U.S. Marshal or to Oregon law-enforcement officials for transport back into the custody of the Oregon Department of Corrections.**

If respondent prevails on appeal, the underlying state-court judgment will no longer be impaired, and ODOC will have a legal duty under Oregon law to immediately cause petitioner to be arrested and placed back into custody in execution of the valid state-court judgment. The State and ODOC officials could face legal risk if ODOC does not make every effort to do so. This is true whether the Ninth Circuit issues an outright reversal or reverses this Court's judgment for further proceedings.

Following a reversal of this Court's judgment, petitioner would be entitled to release only if he could establish his right to release under Fed. R. App. P. 23(b), which governs this Court's authority to release a prisoner while a decision *not* to release a prisoner is under review. Unlike Rule 23(c), there is no presumption of release under Rule 23(b). Instead, where relief has been denied, release pending appeal is permitted only where petitioner establishes both "substantial questions" in his appeal and "some circumstance" making the appeal "exceptional." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). Thus, should the Ninth Circuit reverse, petitioner should be transported back into custody of ODOC, subject to release only if he demonstrates he is entitled to release under Rule 23(b).

In petitioner's proposed condition of release (at ECF #187, p. 3), in the event that this Court's judgment is reversed, petitioner would not be remanded to custody until any request for review by the Supreme Court is decided adversely to him. But after a reversal of this Court's judgment by the Ninth Circuit, his state-court judgment would be valid. He should therefore be

Page 3 -   STATUS REPORT
           NMK/9697852-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

returned to ODOC custody, and any request for release should be considered under Fed. R. App. P. 23(b).[1]

- **In the event that this Court's judgment granting a conditional writ of habeas corpus is affirmed on appeal and the State of Oregon elects to retry petitioner, petitioner shall agree to surrender himself back to the U.S. Marshal or to Oregon law-enforcement officials for transport back to Oregon for retrial.**

If petitioner prevails on appeal, the stay will be lifted after the Ninth Circuit issues its mandate. At that point, the State will be required to comply with this Court's condition (i.e., to elect to retry petitioner within 90 days) or allow the writ to issue, resulting in petitioner's release. If the State elects to retry petitioner within the time permitted by the Court, this Court should order petitioner to surrender himself to the U.S. Marshal or Oregon law enforcement officials for transport back to Oregon for retrial, such that the State is not placed in a worse position by virtue of its stipulation to petitioner's release upon appeal.

- **Prior to release from State custody, petitioner shall execute a waiver of extradition to Oregon from the State to which he is released.**

Respondent has not opposed petitioner's release to the state of his choice—that is, the mid-western state in which he has most recently been incarcerated. However, in the event that the State is required to secure petitioner's presence in Oregon on its own to execute its judgment or pursue retrial, it would have no mechanism by which to do so, absent potentially lengthy and costly extradition procedures. To ensure that the State is not penalized for agreeing to petitioner's release to the state of his choice, the Court should require petitioner to execute a waiver of extradition to Oregon from the state to which he is released. Under similar circumstances, Judge Simon entered a similar order in which a successful habeas petitioner was released to Texas pending the State's appeal. *See Decker v. Persson*, 2015 WL7069662 *6 (D. Or. Nov. 13, 2015) (ordering that "Petitioner shall waive extradition to the State of Oregon,

---

[1] Petitioner's proposed condition also allows petitioner 72 hours within which to report to a correctional facility in the event that this Court's judgment is reversed. However, it would be after such a reversal that the risk of flight would be greatest. Accordingly, respondent requests that this Court order petitioner to immediately surrender himself to law enforcement for transport back into the custody of ODOC in the event that this Court's judgment is reversed upon appeal.
Page 4 -   STATUS REPORT
          NMK/9697852-v1

if necessary[.]").[2]  Petitioner has identified no prejudice in executing such a waiver.  The Court should order him to do so here.

- **Petitioner shall not be permitted to travel outside of the State to which he is released without notice to respondent and prior permission of this Court and his federal probation officer.  Prior to any travel outside of the State to which he is released, petitioner shall execute a waiver of extradition to Oregon from any state to which he is permitted to travel.**

Petitioner should be required to remain in the State to which he is released, except upon extraordinary circumstances and approval from this Court.  *See e.g.*, *Franklin v. Duncan*, 891 F. Supp. 516, 522 (1995) (permitting release pending appeal provided the petitioner obeys the Court's orders regarding, *inter alia*, travel); *Dassey v. Dittman*, 2016 WL 6684214 *7 (E.D. Wis Nov. 14, 2016) (permitting release pending appeal but requiring permission from court prior to travel outside the judicial district).  If petitioner were to be taken into custody in a state to which he travels, respondent would have no way of securing his return to Oregon, except through potentially lengthy extradition procedures.  Accordingly, if petitioner's supervising officer and this Court decides to allow petitioner to travel outside of the State to which he is released, he should be required to first execute an extradition waiver to Oregon from any State to which he is permitted to travel.

DATED June  26 , 2019.

Respectfully submitted,

FREDERICK M. BOSS
Deputy Attorney General


  *s/ Nick M. Kallstrom*
NICK M. KALLSTROM #050023
SAMUEL A. KUBERNICK #045562
Assistant Attorneys General

---

[2] Respondent has prepared a waiver of extradition for petitioner's signature similar to the waiver signed by the petitioner in *Decker* and forwarded it to petitioner.  Because it identifies the state to which petitioner will be released, respondent does not include it here.  However, respondent will make that document available to the Court upon request.

Page 5 -   STATUS REPORT
NMK/9697852-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794