IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK E. GABLE,

    Petitioner,

v.

MAX WILLIAMS,

    Respondent.

Case No. 3:07-cv-00413-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge

Petitioner Frank E. Gable brought this 28 U.S.C. § 2254 habeas corpus action challenging his July 12, 1991, conviction on six counts of Aggravated Murder and one count of Murder in Marion County Circuit Court Case No. 90C-20442. On April 18, 2019, this court issued an Opinion and Order (ECF No. 168) and Judgment (ECF No. 169) granting Gable's Amended Petition for Writ of Habeas Corpus.[1] The Judgment provided: "Gable shall be released from custody unless the State of Oregon elects to retry him within 90 days of the date of this order."

On May 15, 2019, Respondent filed a Notice of Appeal (ECF No. 170) with the Ninth Circuit Court of Appeals. On June 27, 2019, upon the agreement of the parties, this court issued an Order (ECF No. 189) providing that the portion of the Judgment requiring the State of Oregon to retry Petitioner within 90 days of the date thereof was stayed pending resolution of Respondent's appeal to the Ninth Circuit and, if applicable, the United States Supreme Court. The Order further provided for Gable's immediate release from custody under the supervision of the United States

---

[1] The facts underlying Gable's conviction and habeas corpus proceedings in this court are set forth in detail in the Opinion and Order and in the Ninth Circuit Court of Appeals' decision in *Gable v. Williams*, 49 F.4th 1315 (9th Cir. 2022), and, as such, are not repeated here.

1 – OPINION AND ORDER

Probation and Pretrial Services Office for the District of Kansas pending the appeal process. The Court issued a separate Order (ECF No. 190) setting the conditions of Gable's release.

On September 29, 2022, the Ninth Circuit Court of Appeals issued a decision affirming the grant of habeas corpus relief in *Gable v. Williams*, 49 F.4th 1315 (2022), and on October 23, 2022, issued its Mandate (ECF No. 197). On October 28, 2022, this court conducted a status conference and entered an Order (ECF No. 199), again upon the agreement of the parties, providing that the stay imposed by the June 27, 2019, Order would remain in effect and continue pending the filing and resolution of Respondent's petition for writ of certiorari to the United States Supreme Court.[2] At the status conference, the court advised the parties that the 90-day stay imposed in the June 27, 2019, Order would not "start over" upon a decision from the United States Supreme Court. *See* Official Court Transcript of Proceedings, ECF No. 200, pp. 4-5.

On December 20, 2022, Respondent filed a petition for writ of certiorari with the United States Supreme Court in Case No. 22-581. *See* ECF No. 201. On April 24, 2023, the United States Supreme Court denied the petition for writ of certiorari. *See* ECF No. 203, *Steward v. Gable*, --- S. Ct. ---, 2023 WL 3046231 (Apr. 24, 2023).

On May 1, 2023, this court conducted another status conference. Counsel for respondent informed the court that the State of Oregon did not intend to re-try Gable within the 90-day period provided in the original Judgment, and stated that the State of Oregon did not object to Gable's unconditional release. See Official Court Transcript of Proceedings, ECF No. 208, at 5-6. Counsel informed the court, however, that the Marion County District Attorney and the State of Oregon believed that this court's Judgment did not preclude a future retrial or re-indictment of Gable for

---

[2] The Order further provided that the conditions of release set forth in the court's June 27, 2019, Order Setting Conditions of Release would also remain in effect.

2 – OPINION AND ORDER

the murder of Michael Francke.  *Id*.  The court issued an Order (ECF No. 204) requiring the parties to submit briefs no later than May 5, 2023, addressing whether the habeas petition should be granted in full and the underlying indictment dismissed with prejudice, and also briefing the authority of the Marion County District Attorney's Office to retry Gable or re-indict and retry Gable beyond the 90-day deadline ordered by the Court in the Judgment.  Both parties timely submitted their briefing.  *See* Respondent's Brief Regarding Remedy (ECF No. 205), and Petitioner's Response to the State's Election (ECF No. 206).

The court now orders Gable unconditionally released, dismisses the indictment in Marion County Case No. 90C-20442, with prejudice, prohibits the State of Oregon and any entity, subdivision, or county thereof from re-indicting or re-trying Gable for the murder of Michael Francke, and orders the State of Oregon to restore Gable to the status he was in prior to his arrest and prosecution, including expungement of his conviction.

*Legal Standards*

Under 28 U.S.C. § 2243, this Court is vested with the equitable power and broad discretion to dispose of this case as "law and justice require."  This is in keeping with the general rule, as explained by the Supreme Court in many cases, that habeas corpus "is, at its core, an equitable remedy," *Boumedine v. Bush*, 553 U.S. 723, 780 (2008) (internal quotation omitted), and that "[t]he very nature of the writ demands that it be administered with the initiative and flexibility essential to ensure that miscarriages of justice within its reach are surfaced and corrected." *Harris v. Nelson*, 394 U.S. 286, 291 (1969).  As a result, a federal court considering a habeas corpus claim is vested with "'the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus.'"  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting *In re Bonner*, 151 U.S. 242, 261 (1894)).  "Habeas remedies generally consist of unconditional

3 – OPINION AND ORDER

release or conditional release, the former being reserved for those situations where the fact of the prosecution and not the manner of the prosecution was illegal, *e.g.*, double jeopardy, absence of jurisdiction, etc., or where the violation was egregious, the consequences grave and the term already served makes a retrial unjust." *Clark v. Ryan*, No. CV-09-8006-PCT-JAT(JRI), 2011 WL 7553504, at *79 (D. Ariz. Nov. 18, 2011) (citing Hertz & Liebman, *Federal Habeas Corpus Pract. & Proc.* § 33.1, 33.2 (6th ed.), *report and recommendation rejected in part on other grounds*, 2012 WL 911514 (D. Ariz. March 19, 2012).

"[C]ourts originally confined habeas relief to orders requiring the petitioner's unconditional release from custody." *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008) (citing *Ex parte Frederich*, 149 U.S. 70, 77 (1893); *In re Medley*, 134 U.S. 160, 173 (1890)). "In modern practice, however, courts employ a conditional order of release in appropriate circumstances, which orders the State to release the petitioner unless the State takes some remedial action, such as to retry . . . the petitioner." *Harvest*, 531 F.3d at 741 (citations omitted). These conditional orders "'are essentially accommodations accorded to the state,' . . . in that conditional writs 'enable habeas courts to give States time to replace an invalid judgment with a valid one.'" *Id*. (quoting *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.*, 53 F.3d 859, 864-64 (7th Cir. 1995) and *Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring)). However, "[t]he consequence when the State fails to replace an invalid judgment with a valid one is 'always release.'" *Id*. (quoting *Wilkinson*, 544 U.S. at 87; additional citations omitted); *see also Delgado v. Rice*, 67 F.Supp.2d 1148, 1166 (C.D. Cal. Sept. 20, 1999) ("This conditional writ shall become unconditional *and permanent* unless the State of California initiates proceedings for a new trial against Petitioner . . . within 120 days of this Order") (emphasis supplied).

\ \ \ \ \

4 – OPINION AND ORDER

Thus, a district court has authority "to permanently discharge a successful petitioner in a habeas corpus case where it deems such a remedy appropriate." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing *Hammontree v. Phelps*, 605 F.2d 1371, 1381 (5th Cir. 1979)); *Bromley v. Crisp*, 561 F.2d 1351, 1364 (10th Cir. 1977); and *Grasso v. Norton*, 520 F.2d 27, 38 (2d Cir. 1975)). The remedy of barring retrial is, by its nature, reserved for cases presenting extraordinary circumstances. One court described the rare and extraordinary circumstances in which retrial bars have traditionally been employed as follows:

> (1) where the act of retrial itself would violate petitioner's constitutional rights, for example, by subjecting him to double jeopardy; (2) where a conditional writ has issued and the petitioner has not been retried within the time period specified by the court; and (3) "where the petitioners had served extended and potentially unjustifiable periods of incarceration before the writ was granted."

*Morales v. Portuondo*, 165 F.Supp.2d 601, 609 (S.D.N.Y. 2001) (quoting *Latzer v. Abrams*, 615 F. Supp. 1226, 1230 (E.D.N.Y. 1985) and citing *United States ex rel. Schuster v. Vincent*, 524 F.2d 153, 154, 158, 162 (2d Cir. 1975)). Moreover, numerous courts have found that, beyond barring retrial, under the appropriate circumstances a district court may order the expungement of criminal records. *See Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006) (collecting cases); *see also White v. White*, 925 F.2d 287, 292 (9th Cir. 1991) (upon granting habeas relief in challenge to parole revocation proceeding, the court remanded the case with instructions that the writ be granted and that the relevant charges be "ordered expunged from [petitioner's violation record"); *United States v. Summer*, 226 F.3d 1005, 1012 (9th Cir. 2000) (recognizing that federal appellate courts have upheld the remedy of expunction of criminal records under the habeas corpus statutes) (citing 28 U.S.C. §§ 2254, 2255, and *Bromley*, 561 F.2d at 1354; *Woodall Pettibone*, 465 F.2d 49, 50 (4th Cir. 1972)).

\ \ \ \ \

5 – OPINION AND ORDER

*Discussion*

As both this court and the Ninth Circuit have made clear, this case falls within the category of extraordinary circumstances requiring the remedy in habeas corpus of barring Gable's retrial, whether on the original indictment or on a newly obtained indictment, and requiring the expungement of the criminal record in this case from Gable's record.[3]

As an initial matter, the original Opinion and Order granting Gable habeas corpus relief did not give the state the option of releasing Gable and, at some later date beyond the 90-day limit specified in the order, electing to retry him or re-indict and retry him. The opinion and order presented a binary choice only, and when the state elected not to retry Gable within the 90-day limit, Gable's release became permanent and unconditional. *See Wilkinson*, 544 U.S. at 87; *Delgado*, 67 F. Supp. 2d at 1166.

More important, however, is the extraordinary nature of this case. The Ninth Circuit Court of Appeals opened its opinion in this case by stating that "[t]he facts on appeal are extraordinary," and explained, "[s]ince trial, nearly all the witnesses who directly implicated Gable have recanted. Many explain they intended to frame Gable after hearing he was a police informant. They attribute their false testimony to significant investigative misconduct, which the State—remarkably—does not dispute." *Gable*, 49 F.4th at 1318. After reviewing in detail the evidence considered by this court, the Ninth Circuit concluded that Gable "casts serious doubt on the entire foundation of the State's case," and, "[i]n short, no reasonable juror could ignore the heavy blow to the State's evidence given the significance of the recantations." *Id*. at 1327. Viewing the evidence as a whole,

---

[3] *Gable v. Williams*, No. 07-cv-00413-AC, 2019 WL 1756468, at*1 (D. Or. April 18, 2019)(noting that the stringent *Schlup* standard is satisfied "only in the extraordinary case" and finding that "[t]his is such a case."); *Gable v. Williams*, 49 F.4th 1315, 1318 (9th Cir. 2023)("The facts on appeal are extraordinary.").

6 – OPINION AND ORDER

"it is 'more likely than not that no reasonable juror would have convicted'" Gable.  *Id*. at 1328 (quoting *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011)).

This finding calls into serious question the validity of the underlying indictment, which was based upon recanted testimony of the State's material witnesses—testimony that was incentivized by interrogation methods the Ninth Circuit explicitly recognized as undisputedly "coercive," "abusive," and "frightening."  *Id*. at 1324.  Given the State's implicit admission of investigative misconduct[4], this Court concludes that a retrial on the underlying indictment would subject Gable to further constitutional violation.  *See Morales*, 165 F. Supp. 2d at 609 (where court determined that no reasonable jury could convict the petitioners and, indeed, the evidence strongly suggested their innocence, the only just habeas remedy was unconditional discharge).

Moreover, if the State were to attempt to obtain a new indictment on (presumably) untainted evidence, Gable would be irredeemably prejudiced.  Though Oregon has no statute of limitations for murder, the lengthy passage of time since Michael Francke's murder and the inevitable effect thereof on the evidence, including but not limited to the deaths of Johnny Crouse, other key witnesses, and investigators who participated in the case, would preclude a constitutionally sound prosecution.  *See Morales*,165 F. Supp. 2d at 611-12 (finding as an extraordinary circumstance justifying an unconditional grant of habeas relief the passage of time of thirteen years between original conviction and grant of habeas relief, which would lead to severe prejudice to petitioners).

---

[4]  As previously noted at 6, *supra*.  *And see Gable*, 49 F.4th at 1318 ("Since trial, nearly all the witnesses who directly implicated Gable have recanted.  Many explain they intended to frame Gable after hearing he was a police informant.  They attribute their false testimony to significant investigative misconduct, which the State—remarkably—does not dispute.").

7 – OPINION AND ORDER

Further, even if he were to be retried and somehow re-convicted, Gable already has served the term of imprisonment to which he would likely be sentenced under current Oregon law.[5] Were Gable to be sentenced today, he would be eligible for a sentence of life with the possibility of parole after 30 years, which is approximately the length of time he served before this court ordered his release in 2019. *See Schuster*, 524 F.2d at 158 (ordering petitioner's immediate and absolute discharge where he had been confined in state hospital for 31 years without opportunity for sanity hearing and he had been in prison for total of 44 years for crime for which average prison term was 15 years).

Finally, considering this court's determination that Gable is entitled to unconditional discharge from the constitutionally invalid conviction obtained against him by the State of Oregon, Gable is entitled to have that conviction and all the effects stemming therefrom completely expunged from his record. *See Satterlee*, 453 F.3d at 370; *Ward v. Wolfbarger*, 340 F. Supp. 2d 773, 776-77 (E.D. Mich. Sept. 14, 2004).

## *Conclusion*

For these reasons, IT IS ORDERED that the relief granted to Gable in this court's May 8, 2023, Order (ECF No. 207) remains in effect, specifically, that Gable is unconditionally released and discharged on the conviction obtained in Marion County Case No. 90C-20442; that the April 6, 1990 Secret Indictment issued by the Marion County grand jury in Case No. 90C-20442 is DISMISSED WITH PREJUDICE; and that the State of Oregon and any subdivision or county thereof are hereafter BARRED from rearresting, reindicting or retrying Gable for the murder of

---

[5] At the time Gable was sentenced, the only sentencing options available were death or life imprisonment without the possibility of parole. Under current Oregon law, a sentence of "life imprisonment" for aggravated murder requires the court to order "that the defendant shall be confined for a minimum of 30 years," and thereafter have the possibility of parole. OR. REV. STAT. 163.105(1)(c).

8 – OPINION AND ORDER

Michael Francke.  IT IS FURTHER ORDERED that Gable's conviction be vacated and expunged from the records by the State of Oregon.

DATED this 12th day of May, 2023.

/s/ John V. Acosta

John V. Acosta
United States Magistrate Judge

9 – OPINION AND ORDER